Benjamin J. Sweet
**THE SWEET LAW FIRM, PC**
186 Mohawk Drive
Pittsburgh, PA 15228
Phone: (412) 742-0631
ben@sweetlawpc.com

Attorneys for Plaintiff MICHAEL G. MURPHY, individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHAEL G. MURPHY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER CO., <br><br> Defendant. | Case No. 1:19-cv-472 |

**NATIONWIDE CLASS ACTION COMPLAINT**

COMES NOW, Plaintiff Michael Murphy, on behalf of himself and all others similarly situated, and asserts as follows:

**INTRODUCTION**

1. Plaintiff brings this action individually and on behalf of all others similarly situated against The Kroger Co., ("Defendant"), asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations, in connection with accessibility barriers in the parking lots and paths of travel at various public accommodations owned, operated, controlled, and/or leased by Defendant ("Defendant's facilities").

2. Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused him to use a wheelchair for mobility.

3. Plaintiff has visited Defendant's facilities and was denied full and equal access as a result of Defendant's inaccessible parking lots and paths of travel.

4. Plaintiff's experiences are not isolated—Defendant have systematically discriminated against individuals with mobility disabilities by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendant's facilities.

5. In fact, numerous facilities owned, controlled, and/or operated by Defendant have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision making Defendant employ with regard to the design, construction, alteration, maintenance, and operation of its facilities causes access barriers and/or allows them to develop and persist at Defendant's facilities.

6. Unless Defendant is required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at Defendant's facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendant's facilities.

7. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . . .

42 U.S.C. § 12188(a)(2).

8. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

   a. Defendant remediate all parking and path of travel access barriers at Defendant's facilities, consistent with the ADA;

   b. Defendant change its policies and practices so that the parking and path of travel access barriers at Defendant's facilities do not reoccur; and

   c. Plaintiff's representatives shall monitor Defendant's facilities to ensure that the injunctive relief ordered pursuant to Paragraph 8.a. and 8.b. has been implemented and will remain in place.

9. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . . . Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

10. The ADA was enacted nearly 30 years ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

11.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

12.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

13.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

14.     Title III and its implementing regulations define discrimination to include the following:

a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

15. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

16. The ADA also provides for specific injunctive relief, which includes the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

18. Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

19. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

20. Plaintiff Michael G. Murphy is, and at all times relevant hereto was, a resident of Colorado. As described above, as a result of his disability, Plaintiff uses a wheelchair for mobility. Plaintiff resides in Denver, Colorado. Plaintiff suffered an injury in 2007, and is now paralyzed and relies on a wheelchair for mobility. Plaintiff is a competitive athlete training for the U.S. Ski Team in the sport of mono skiing, and hopes to participate in the 2020 Olympics.

Plaintiff is also a motivational speaker, writer, and athlete. Plaintiff is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

21.     Defendant The Kroger Co. was founded in 1883 and incorporated in 1902. As of February 3, 2018, it is one one of the largest retailers in the world based on annual sales, according to its Form 10-K filed with the Securities and Exchange Commission on April 18, 2018.

22.     The company has a current market capitalization of more than $22 billion. As of February 3, 2018, Kroger employed approximately 449,000 full- and part-time employees and operated stores in over 35 states. Kroger operates approximately 2,782 supermarkets and 782 convenience stores nation-wide. Kroger's current strategy emphasizes ownership of store real estate. As of February 3, 2018, approximately 45% of its supermarkets, and approximately 55% of the convenience stores, are operated in Company-owned facilities.

23.     Krogers does business through its subsidiaries including, but not limited to the following: Baker's, City Market, Dillons, Food 4 Less, Foods Co., Fred Meyer, Fry's, Gerbes, Harris Teeter, King Soopers, Jay C Food Store, Kroger, Owens Market, Pay-Less Super Markets, QFC, Ralphs, and Smith's Food and Drug.

24.     In Colorado Kroger owns and operates 143 food stores, 97 convencince stores and 9 jewelry stores. Denver is also the headquarters for Kroger's King Soopers and City Market divisions. King Soopers is a subsidiary of Dillon Companies, which is a wholly owned subsidiary of The Kroger Company operating in the Rocky Mountains of the United States. Plaintiff's pre-litigation investigation was limited to Defendant's Kroger and King Soopers facilities.

25. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

**FACTUAL ASSERTIONS**

**I. Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities**

26. Plaintiff has visited Defendant's facilities located at 2810 Quebec St, Denver, CO 80207 including within the last year, where he experienced unnecessary difficulty and risk due to excessive slopes in a purportedly accessible parking area and other ADA accessibility violations as set forth in more detail below.

27. Despite this difficulty and risk, Plaintiff plans to return to Defendant's facilities. The store is one of the primary places Plaintiff and his wife like to shop when they are in Denver. It is convenienvely located near their home and is a nice store. Plaintiff and his wife regularly visit this location several times a year. Furthermore, Plaintiff intends to return to Defendant's facilities to ascertain whether those facilities remain in violation of the ADA.

28. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use Defendant's facilities has been significantly impeded.

29. Plaintiff will be deterred from returning to and fully and safely accessing Defendant's facilities, however, so long as Defendant's facilities remain non-compliant, and so long as Defendant continues to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at Defendant's facilities.

30. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendant's facilities in violation of his rights under the ADA.

31. As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendant's facilities, have

architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

## II. Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendant's Facilities

32. As the owner and manager of its properties, Defendant employs centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of its facilities.

33. To date, Defendant's centralized design, construction, alteration, maintenance, and operational policies and practices have systematically and routinely violated the ADA by designing, constructing, and altering facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendant's facilities are maintained.

34. On Plaintiff's behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendant and found the following violations, which are illustrative of the fact that Defendant implements policies and practices that routinely result in accessibility violations:

   a. 8200 S Holly Street, Centennial, CO

      i. Multiple violations of ADA regulations in the purportedly accessible parking area;

   b. 2810 Quebec Street, Denver, CO,

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

   c. 17751 Cottonwood Drive, Parker, CO

      i. Multiple violations of ADA regulations in the purportedly accessible parking area;

   d. 9983 Wadsworth Parkway, Westminster, CO

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

  e. 7132 Hamilton Ave, Cincinnati OH

      i. Multiple violations of ADA regulations in the purportedly accessible parking area;

  f. 5878 Harrison Ave, Cincinnati OH

      i. Multiple violations of ADA regulations in the purportedly accessible parking area;

  g. 1886-1922 Needmore Ave, Dayton OH

      i. Multiple violations of ADA regulations in the purportedly accessible parking area;

  h. 12164 Lebanon Road, Cincinnati OH

      i. Multiple violations of ADA regulations in the purportedly accessible parking area;

  i. 7823 SE 28th St Mercer Island, WA

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

35. The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendant's facilities, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendant's systemic disregard for the rights of individuals with disabilities.

36. Defendant's systemic access violations demonstrate that Defendant either employs policies and practices that fail to design, construct, and alter its facilities so that they are readily accessible and usable and/or that Defendant employs maintenance and operational policies and practices that are unable to maintain accessibility.

37. As evidenced by the widespread inaccessibility of Defendant's parking facilities, absent a change in Defendant's corporate policies and practices, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

38. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify the policies and practices that have created or allowed, and will create or allow, inaccessibility to affect Defendant's network of facilities.

## CLASS ASSERTIONS

39. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of himself and the following nationwide class:

> All persons with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any Tanger outlet location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendant's failure to comply with the ADA's accessible parking and path of travel requirements.

40. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

41. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

42. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied its civil rights to full and equal access to, and use and

enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

43. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and he has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

44. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## SUBSTANTIVE VIOLATION

45. The assertions contained in the previous paragraphs are incorporated by reference.

46. Defendant's facilities were altered, designed, or constructed after the effective date of the ADA.

47. Defendant's facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

48. Further, the accessible features of Defendant's facilities, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

49. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

50. Furthermore, the architectural barriers described above demonstrate that have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

51. Defendant's repeated and systemic failures to design, construct, and alter its facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of its facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

52. Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

53. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

54. Defendant has failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

55. Defendant has discriminated against Plaintiff and the class in that it has failed to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

56. Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

57. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

58. Given that Defendant has not complied with the ADA's requirements to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) directs Defendant to change its policies and practices to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place.

    c.        An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

    d.        Payment of costs of suit;

    e.        Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

    f.        The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated:  February 15, 2019

Respectfully Submitted,

*[signature]*

Benjamin J. Sweet
**THE SWEET LAW FIRM, PC**
186 Mohawk Drive
Pittsburgh, Pennsylvania 15228
Phone: 412-742-0631
ben@sweetlawpc.com

Attorneys for Plaintiff MICHAEL G. MURPHY, individually and on behalf of all others similarly situated

Plaintiff's Address:
Michael Murphy
4335 Quivas Street
Denver, CO 80211